IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.: 5:10-CV-55-H

MICHAEL A. VAUGHN,  )
                    )
    Plaintiff,      )
                    )
                    )
v.                  )           **ORDER**
                    )
                    )
UNITED STATES OF AMERICA,[1] )
                    )
    Defendant.      )

This matter is before the court on the government's motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff has responded, and the government has replied. This matter is ripe for adjudication.

### STATEMENT OF THE CASE

Pro se plaintiff Michael A. Vaughn was formerly employed as an Airway Transportation Systems Specialist with the Federal Aviation Administration ("FAA"). He filed this action on February 10, 2010, and amended his complaint on March 24, 2010, asserting claims of negligence, negligence per se, negligent

---

[1] Plaintiff named the Federal Aviation Administration, Kevin J. Cunningham, Timothy L. Jackson, Donald W. Stell, and Steven D. Smith as the defendants to this action. Pursuant to 28 U.S.C. § 2679, the United States was substituted as the party defendant by notice filed April 23, 2010 [DE #13].

infliction of emotional harm (collectively referred to as "the negligence claims"), defamation and defamation per se, as well as felony deprivation of rights under color of law and constructive discharge.

At the time the instant action was filed, plaintiff had resigned his position with the FAA. Following his resignation, plaintiff filed a charge of unfair labor practices with the Fair Labor Relations Authority ("FLRA") and appealed his termination to the Merit Systems Protection Board ("MSPB") alleging constructive discharge. He was denied relief by both agencies. Plaintiff did not file an administrative claim pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, 2671 et seq. ("FTCA").

## STATEMENT OF THE FACTS

Plaintiff was an employee of the FAA from May 2006 until he tendered his resignation on February 23, 2007. Plaintiff was employed as an Airway Transportation Systems Specialist in the Raleigh System Support Center in the Raleigh-Durham area. This office is responsible for the maintenance of Communications, Navigational Aids, and Radar and Automation Systems in the Raleigh-Durham area. Plaintiff's position required travel to and from different locations to provide maintenance for the equipment. Travel takes place in a government vehicle and occurs during work hours.

Located at the Raleigh Air Traffic Control Tower, plaintiff's assigned office was also the workplace of Kevin Cunningham, Donald Stell, Steven Smith, and Timothy Jackson, whom plaintiff originally named as defendants to this action. As a new hire, plaintiff was paired with senior technicians in the office for on-the-job training. Through on-the-job training and correspondence classes, plaintiff was to become certified to maintain various pieces of equipment.

In his amended complaint, plaintiff alleges that he was excluded from pizza luncheons, denied training on certain tasks in order to prevent his certification as a "navaid" technician, made "the butt of perverted jokes," subjected to the reckless driving of a coworker, retaliated against for reporting unlawful and inappropriate conduct of coworkers, and ultimately forced to resign his position.

## COURT'S DISCUSSION

The government moves for dismissal on the grounds that plaintiff cannot establish subject matter jurisdiction and has failed to state a claim upon which relief can be granted. Plaintiff has responded, reasserting the allegations set forth in his amended complaint and objecting to the substitution of the United States as defendant. He states he

> has no quarrel or intention to sue the country of which he is a red, white and blue patriot and served proudly and honorably

3

> from 1983 to 1994 as a member of the United
> States Air Force. The Plaintiff was not
> harmed by the United States of America. The
> Plaintiff was harmed by the individual
> dereliction of duty by specific federal
> employees of the Federal Aviation
> Administration acting well outside the scope
> of their lawful duties violating both
> federal law, state law, agency regulations
> and common decency.

(Pl.'s Opp'n to Def.'s Mot. Dismiss at 12.)[2]

## I. 12(b)(1) Motion

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges subject matter jurisdiction. The plaintiff bears the burden to establish subject matter jurisdiction. Because of the fundamental nature of the lack-of-subject-matter-jurisdiction defense and its centrality to the basic principles of judicial federalism, this defense may be asserted at any time or raised sua sponte by the court. See, e.g., Clark v. Paul Gray, Inc., 306 U.S. 583 (1939). It is the position of the government that claims one through four of

---

[2]The court overrules plaintiff's objection to the substitution of the United States as the defendant in this action. When a federal employee is sued for wrongful or negligent conduct, the Attorney General is authorized "to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.' Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee. The litigation is thereafter governed by the Federal Tort Claims Act." Osborn v. Haley, 549 U.S. 225, 230 (2007); 28 U.S.C. § 2679(d)(1).

plaintiff's complaint (the negligence and defamation claims) must be dismissed for lack of jurisdiction.

As a sovereign entity, the United States is immune from suit unless it has consented to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). Moreover, the United States may define the terms and conditions upon which it may be sued. Honda v. Clark, 386 U.S. 484, 501 (1967); Soriano v. United States, 352 U.S. 270 (1957).

In order to proceed with his tort claims, plaintiff must have first submitted an administrative tort claim with the FAA. 28 U.S.C. § 2675(a). Because he failed to do so, plaintiff is unable to establish subject matter jurisdiction over claims one through four, and those claims must be dismissed for lack of subject matter jurisdiction. Plyler v. United States, 900 F.2d 41 (4th Cir. 1990) (administrative claim requirement is jurisdictional and may not be waived).

## II. 12(b)(6) Motion

Relying on 18 U.S.C. §§ 241, 242, 243, 1505 and 1519, claim five of plaintiff's complaint purports to assert a claim for "felony deprivation of rights under color of law." The government moves to dismiss this claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Viewing the allegations of plaintiff's complaint in the light most favorable to plaintiff as the court must, see Ibarra

5

v. United States, 120 F.3d 472, 474 (4th Cir. 1997), claim five fails. Title 18, United States Code, Section 241 is a criminal conspiracy statute. Sections 242, 245, 1505 and 1519 are likewise criminal statutes. While these statutes provide for criminal penalties, they do not give rise to civil liability or authorize a private right of action. See Tribble v. Reedy, No. 89-6781, 1989 WL 126783 (4th Cir. Oct. 20, 1989) (rejecting claims for violation of 18 U.S.C. §§ 241, 1341 and 1343 because no right of private action exists); accord Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) (no private right of action for violation of 18 U.S.C. §§ 241, 371, 1001 1341, 1503 and 26 U.S.C. § 7214(a)); United States v. Oguaju, 76 Fed. App'x 579, 581 (6th Cir. 2003) (affirming dismissal of claims for violation of 18 U.S.C. §§ 241 and 242); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994) (no civil liability for violations of 18 U.S.C. §§ 242 and 1385); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (same for 18 U.S.C. §§ 241, 242); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (same). Therefore, claim five of plaintiff's complaint must be dismissed.

### III. Constructive Discharge

The government also moves to dismiss plaintiff's sixth claim for constructive discharge based upon plaintiff's failure

6

Case 5:10-cv-00055-H   Document 17   Filed 01/11/11   Page 6 of 8

to appeal the adverse MSPB decision, collateral estoppel, and failure to state a claim upon which relief can be granted.

The MSPB is the exclusive forum in which to seek redress against the federal government for adverse employment actions, including constructive discharge. See 5 U.S.C. § 1204(a)(1). An appeal of a final decision by the MSPB in nondiscrimination cases must be filed with the United States Court of Appeals for the Federal Circuit. 28 U.S.C. § 1295(a)(9) (vesting exclusive jurisdiction of appeals of MSPB decisions in Federal Circuit).

Plaintiff filed a claim with the MSPB alleging constructive discharge. Upon review of the evidence, the MSPB determined that plaintiff had voluntarily resigned and dismissed his appeal, finding as follows:

> Based on the above, I [Administrative Judge Barbara S. Mintz] find the [plaintiff's] claims, if proven, do not constitute coercion, duress or intolerable working conditions that gave the [plaintiff] no choice but to resign. To me, if proven, the [plaintiff's] claims amount to a listing of the everyday stress-producing occurrences an employee encounters when he is compelled to work with others whose habits he does not approve of and who decide to shun him after he reports their work habits to management and characterizes their behavior in an inflammatory way. . . . [A]n employee is not guaranteed an environment free of stress.
>
> Accordingly, because the [plaintiff] has identified no circumstances surrounding his decision to retire that might reflect any deprivation of free choice on his part, he has failed to establish that the Board

7

> has jurisdiction over his appeal and this
> appeal must therefore be dismissed.

(MSPB Initial Decision at 7.) Plaintiff sought review of the MSPB's decision, which was denied by final decision issued on August 6, 2008. Had plaintiff desired further review of the MSBP's decision, it was incumbent upon him to file an appeal with the Federal Circuit. This court is without jurisdiction to hear his constructive discharge claim and it is, therefore, dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE #11] is GRANTED. The clerk is directed to close this case.

This 10Th day of January 2011.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31